

**FILED**
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

SEP 11 2020

JAMES W. McCORMACK, CLERK
By: _____
DEP CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**JASON CLARK**                                                                  **PLAINTIFF**

vs.                            4:20-cv-01100-LPR
                               No. 4:20-cv-____

**POLLO, LLC, and ROBERT LEE, JR.**                                              **DEFENDANT**

### ORIGINAL COMPLAINT

COMES NOW Plaintiff Jason Clark ("Plaintiff"), by and through his attorneys Tess Bradford and Josh Sanford of Sanford Law Firm, PLLC, and for his Original Complaint against Defendants Pollo, LLC, and Robert Lee, Jr. (collective "Defendant" or "Defendants"), he does hereby state and allege as follows:

#### I.    PRELIMINARY STATEMENTS

1.    This is an action brought by Plaintiff against Defendants for violations of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* (the "FLSA"), and the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.* (the "AMWA").

2.    Plaintiff seeks declaratory judgment, monetary damages, liquidated damages, costs, and a reasonable attorneys' fee, as a result of Defendant's policy and practice of failing to pay Plaintiff sufficient overtime wages under the FLSA and under the AMWA within the applicable statutory limitations period.

3.    Upon information and belief, within the three years prior to the filing of the Complaint, Defendant has willfully and intentionally committed violations of the FLSA and the AMWA as described, *infra*.

This case assigned to District Judge __Rudofsky__
and to Magistrate Judge __Kearney__

## II.   JURISDICTION AND VENUE

4.   The United States District Court for the Eastern District of Arkansas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

5.   Plaintiff's claims under the AMWA form part of the same case or controversy and arise out of the same facts as his FLSA claims. Therefore, this Court has supplemental jurisdiction over Plaintiff's AMWA claims pursuant to 28 U.S.C. § 1367(a).

6.   Defendants conduct business within the State of Arkansas.

7.   Venue lies properly within this Court under 28 U.S.C. § 1391(b)(1) and (c)(2), because the State of Arkansas has personal jurisdiction over Defendant, and Defendant therefore "resides" in Arkansas.

8.   Plaintiff was employed at Defendant's business in Monticello. Therefore, the acts alleged in this Complaint had their principal effect within the Eastern District of Arkansas, Central Division, and venue is proper in this Court pursuant to 28 U.S.C. § 1391.

## III.   THE PARTIES

10.   Plaintiff is an individual and resident and domiciliary of Bradley County.

11.   Separate Defendant Pollo, LLC ("Pollo"), is a domestic limited liability company.

12.   Pollo's registered agent for service is Robert Henry Lee, Sr., at 120 Commerce Drive, Monticello, Arkansas 71655.

13.     Separate Defendant Robert Lee, Jr. ("Lee") is an individual and resident of Arkansas.

## IV.   FACTUAL ALLEGATIONS

14.     Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

15.     Defendant owns and operates several restaurants, including multiple Popeye's franchises.

16.     Lee is a principal, director, officer, and/or owner of Pollo.

17.     Lee, in his role as an operating employer of Pollo, had the power to hire and fire Plaintiff, often supervised Plaintiff's work and determined his work schedule, and made decisions regarding Plaintiff's pay, or lack thereof.

18.     Lee took an active role in operating Pollo and in the management thereof.

19.     Lee, at relevant times, exercised supervisory authority over Plaintiff in relation to his work schedule, pay policy and the day-to-day job duties that Plaintiff's job entailed.

20.     Lee acted as the employer of Plaintiff and is and has been engaged in interstate commerce as that term is defined under the FLSA.

21.     Pollo acted as the employer of Plaintiff and is and has been engaged in interstate commerce as that term is defined under the FLSA.

22.     During the relevant time, Defendant had at least two (2) employees who engaged in interstate commerce or in the production of goods for interstate commerce, or who handled, sold, or otherwise worked on goods or materials that had been moved

in or produced for interstate commerce, such as computers, office equipment, cooking equipment and food products.

23. Defendant's annual gross volume of sales made or business done was not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) during each of the three calendar years preceding the filing of this Original Complaint.

24. Defendant was, at all times relevant hereto, Plaintiff's employer and is and has been engaged in interstate commerce as that term is defined under the FLSA.

25. Defendant employed Plaintiff from August of 2019 to August of 2020.

26. Specifically, Defendant employed Plaintiff as a salaried IT System Administrator.

27. As an IT System Administrator, Plaintiff's duties included maintaining all point of sale devices (cash registers, credit card machines, etc.), maintaining the functioning of drive-through headsets, updating menu boards, monitoring the functioning of phone lines, cleaning all electronics, keeping electronic parts in stock, and changing out any broken electronic parts.

28. At all relevant times herein, Defendant directly hired Plaintiff to work in its facilities, paid him wages and benefits, controlled his work schedule, duties, protocols, applications, assignments and employment conditions, and kept at least some records regarding his employment.

29. At all times material hereto, Plaintiff was entitled to the rights, protections, and benefits provided under the FLSA and the AMWA.

30. Plaintiff did not have the authority to hire or fire any other employee.

31. Plaintiff was not asked to provide input as to which employees should be hired or fired.

32. Plaintiff did not exercise independent judgment as to matters of significance in carrying out his duties.

33. Plaintiff does not have a terminal degree in engineering or any other field of study.

34. Plaintiff did not apply systems analysis techniques and procedures, nor did he consult with users to determine hardware, software or system functional specifications.

35. Plaintiff did not design, develop, document, analyze, create, test or modify computer systems or programs based on user or system design specifications.

36. Plaintiff did not design, document, test, create or modify computer programs related to machine operating systems.

37. Plaintiff regularly worked more than forty (40) hours per week during the relevant time period.

38. Defendants did not pay Plaintiff one and one-half (1.5) his regular rate for hours worked over forty (40) in a week.

39. At all relevant times herein, Defendants have deprived Plaintiff of sufficient overtime compensation for all of the hours he worked over forty (40) per week.

40. Defendants knew or showed reckless disregard for whether their actions violated the FLSA and the AMWA.

### V.  FIRST CAUSE OF ACTION—Violation of the FLSA

41. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint

as though fully incorporated in this section.

42. Plaintiff asserts this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

43. At all relevant times, Defendant was Plaintiff's "employer" within the meaning of the FLSA, 29 U.S.C. § 203.

44. At all relevant times, Defendant has been, and continues to be, an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

45. 29 U.S.C. § 207 requires employers to pay employees overtime wages of 1.5x the regular rate of pay for all hours worked over forty (40) in each week, unless the employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying Department of Labor regulations.

46. During the period relevant to this lawsuit, Defendant misclassified Plaintiff as exempt from the overtime requirements of the FLSA.

47. Despite the entitlement of Plaintiff to lawful overtime wages under the FLSA, Defendant failed to pay Plaintiff lawful overtime wages for all hours worked over forty (40) in each one-week period.

48. Defendant's conduct and practices, as described above, were willful, intentional, unreasonable, arbitrary, and in bad faith.

49. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff for monetary damages, liquidated damages, and costs, including reasonable attorneys' fees, for all violations that occurred within the three years prior to the filing of this Complaint.

### VI. SECOND CAUSE OF ACTION—Violation of the AMWA

50. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

51. Plaintiff asserts this claim for damages and declaratory relief pursuant to the AMWA, Ark. Code Ann. § 11-4-201, *et seq.*

52. At all relevant times, Defendant was Plaintiff's "employer" within the meaning of the AMWA, Ark. Code Ann. § 11-4-203(4).

53. Sections 210 and 211 require employers to pay employees a minimum wage for all hours worked up to forty (40) and to pay one and one-half times regular wages for all hours worked over forty (40) in a week unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and accompanying DOL regulations.

54. Despite the entitlement of Plaintiff to lawful overtime wages under the AMWA, Defendant failed to pay Plaintiff lawful overtime wages for all hours worked over forty (40) in each one-week period.

55. Defendant's conduct and practices, as described above, were willful, intentional, unreasonable, arbitrary and in bad faith.

56. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff for monetary damages, liquidated damages, and costs, including reasonable attorneys' fees, for all violations that occurred within the three years prior to the filing of this Complaint, pursuant to Ark. Code Ann. § 11-4-218.

## VII. PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff Jason Clark respectfully prays that each Defendant be summoned to appear and to answer herein and for declaratory relief and damages as follows:

A. A declaratory judgment that Defendant's practices alleged herein violated the FLSA, the AMWA, and their relating regulations;

B. Judgment for damages for all unpaid overtime wages pursuant to the FLSA, the AMWA, and their relating regulations;

C. Judgment for liquidated damages pursuant to the FLSA, the AMWA, and their relating regulations;

D. An order directing Defendant to pay Plaintiff prejudgment interest, a reasonable attorneys' fee, and all costs connected with this action; and

E. Such other and further relief as this Court may deem just and proper.

Respectfully submitted,

**PLAINTIFF JASON CLARK**

SANFORD LAW FIRM, PLLC
ONE FINANCIAL CENTER
650 S. SHACKLEFORD, SUITE 411
LITTLE ROCK, ARKANSAS 72211
TELEPHONE: (501) 221-0088
FACSIMILE: (888) 787-2040

_____
Tess Bradford
Ark. Bar No. 2017156
tess@sanfordlawfirm.com

_____
Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com