IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**JASON CLARK**                                                                                                   **PLAINTIFF**

v.                                    Case No. 4:20-CV-01100-LPR

**POLLO, LLC, and ROBERT LEE, JR.**                                                    **DEFENDANTS**

## ORDER

Plaintiff Jason Clark brought this action under the Fair Labor Standards Act and the Arkansas Minimum Wage Act. This case was terminated pursuant to a Joint Stipulation of Dismissal.[1] The Joint Stipulation left open the potential for Plaintiff to petition the Court for costs and attorneys' fees.[2] Now before the Court is Plaintiff's Motion for Costs and Attorneys' Fees.[3] Plaintiff seeks $725.00 in costs and $12,718.90 in fees.[4] The Motion is GRANTED in part and DENIED in part. Based on the reasoning below, the Court awards $725.00 in costs and $3,584.75 in fees.

## BACKGROUND

Mr. Clark instituted the current lawsuit on September 14, 2020.[5] He stated that he worked for Defendants as a "salaried IT System Administrator."[6] He alleges that Defendants misclassified him as exempt from the overtime provisions of the FLSA and the AMWA, and thus "deprived [him] of sufficient overtime compensation for all of the hours he worked over forty (40) per

---

[1] Joint Stipulation of Dismissal (Doc. 33).

[2] *Id.*

[3] Pl.'s Mot. for Costs and Att'ys' Fees & Req. for Hr'g (Doc. 35).

[4] *Id.*

[5] Compl. (Doc. 1).

[6] *Id.* ¶ 26.

week."[7]  Only one substantive motion was filed in this case—Defendants' Motion for Judgment on the Pleadings.[8]  The case settled (in principle) before Plaintiff had to file a response to that Motion.[9]  The parties engaged in written discovery, which included written interrogatories and requests for production.[10]  No depositions were taken.[11]  The parties also engaged in settlement negotiations.[12]  On May 10, 2022, the parties filed a Joint Stipulation of Dismissal resolving Mr. Clark's claims except for attorneys' fees and costs.[13]

Mr. Clark's Counsel, Sanford Law Firm (SLF), has now filed the instant Motion seeking $12,718.90 in fees and $725.00 in costs.[14]  SLF used the lodestar method to calculate the fee request.[15]  SLF's requested rates, hours, and total fees are summarized below in two different ways.[16]

---

[7] *Id.* ¶¶ 39, 46–47, 54.

[8] Defs.' Mot. for J. on the Pleadings (Doc. 19).

[9] The deadline for responding to the Motion was November 8, 2021.  *See* Order (Doc. 25).  On November 4, 2021, the parties jointly notified the Court that they had reached a liability settlement in principle.  Joint Notice of Liability Settlement (Doc. 26).  Ultimately, the settlement was finalized on May 10, 2022.  Joint Stipulation of Dismissal (Doc. 33).

[10] Ex. 2 (Decl. of Att'y Josh Sanford) to Pl.'s Mot. for Costs and Att'ys' Fees & Req. for Hr'g (Doc. 35-2) ¶ 40.

[11] *Id.*

[12] *Id.* ¶ 42.

[13] Joint Stipulation of Dismissal (Doc. 33).

[14] Pl.'s Mot. for Costs and Att'ys' Fees & Req. for Hr'g (Doc. 35).

[15] Br. in Supp. of Pl.'s Mot. for Costs and Att'ys' Fees & Req. for Hr'g (Doc. 36) at 3–4.

[16] *Id.* at 7, 11. SLF notes that it applied reductions to its time billed before submitting its Motion.  *See id.* at 5.  SLF's self-imposed reductions have no bearing on the Court's calculation of an appropriate attorneys' fee award in this case.  *See Wolfe v. Affordable Rooter Serv., LLC*, No. 4:20-cv-00156-LPR, 2022 WL 2352364, at *2 n.21 (E.D. Ark. Mar. 30, 2022) (stating that a lawyer's self-imposed reductions are not considered in the attorneys' fees calculation because "it is the duty of the requesting party to make a good faith effort to exclude hours that are excessive, redundant, or otherwise unnecessary" (quoting *Oden v. Shane Smith Enters., Inc.*, 27 F.4th 631, 634 (8th Cir. 2022))).

| Billed By | Rate | Time Requested | Value Requested |
|---|---|---|---|
| Colby Qualls | $150.00 | 31.8 | $4,770.00 |
| Courtney Lowery | $190.00 | 1.4 | $266.00 |
| Josh Sanford | $383.00 | 6.3 | $2,412.90 |
| Rebecca Matlock | $250.00 | 5.2 | $1,300.00 |
| Samuel Brown | $150.00 | 2.7 | $405.00 |
| Tess Bradford | $175.00 | 1.4 | $245.00 |
| Vanessa Kinney | $300.00 | 6.2 | $1,860.00 |
| Law Clerk | $75.00 | 3.2 | $240.00 |
| Paralegal | $100.00 | 12.2 | $1,220.00 |
| Grand Total | | 70.4 | $12,718.90 |

| Category | Time Requested | Value Requested |
|---|---|---|
| Bankruptcy | 9.5 | $1,174.90 |
| Case Management | 2.5 | $686.20 |
| Client Communication | 5.3 | $680.00 |
| Complaint/Summons/Service | 3.0 | $767.30 |
| Damages Calculations | 2.8 | $422.50 |
| Discovery | 12.5 | $1,661.50 |
| Fee Petition | 6.2 | $1,860.00 |
| In House Communication | 7.6 | $1,466.20 |
| Motion for Judgment | 6.4 | $1,480.00 |
| Opposing Counsel Comm. | 7.3 | $1,312.20 |
| Settlement Related | 7.3 | $1,208.10 |
| Grand Total | 70.4 | $12,718.90 |

As for costs, SLF requests reimbursement for a filing fee and a service fee.[17]

Defendants object to SLF's fee request. They argue that SLF's requested hourly rates are too high and that a lot of the hours SLF claims were not reasonably expended.[18] Defendants also

---

[17] Ex. 3 (Costs Invoice) to Pl.'s Mot. for Costs and Att'ys' Fees & Req. for Hr'g (Doc. 35-3).

[18] Defs.' Resp. to Pl.'s Mot. for Costs and Att'ys' Fees & Req. for Hr'g (Doc. 37) at 5–20.

object to the cost request, arguing that SLF's use of a private process server is not a recoverable expense.[19]

## LODESTAR ANALYSIS

Under the FLSA, a court "shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant . . . ."[20] To determine a reasonable fee award, the Eighth Circuit directs district courts to use the lodestar method, wherein the number of hours reasonably expended on litigation is multiplied by a reasonable hourly rate.[21] The court "should exclude hours that were not reasonably expended from its calculations."[22] The resulting product of the multiplication calculation serves as the lodestar—a starting point that may be adjusted "upward or downward on the basis of the results obtained."[23]

### I. Reasonable Hourly Rates

"As a general rule, a reasonable hourly rate is the prevailing market rate, that is, 'the ordinary rate for similar work in the community where the case has been litigated.'"[24] The hourly attorney rates requested by SLF in this case exceed the prevailing market rates. Judges in the Eastern and Western Districts of Arkansas routinely reject as unreasonable hourly rates of $300+

---

[19] *Id.* at 20–21.

[20] 29 U.S.C. § 216(b).

[21] *Vines v. Welspun Pipes Inc.*, 9 F.4th 849, 855 (8th Cir. 2021).

[22] *Id.* (quoting *Childress v. Fox Assocs., LLC*, 932 F.3d 1165, 1172 (8th Cir. 2019)).

[23] *Dean v. Bradford Ests., LLC*, No. 4:19-cv-00748-BSM, 2020 WL 8642227, at *1 (E.D. Ark. Nov. 24, 2020) (quoting *Wheeler v. Mo. Highway & Transp. Comm'n*, 348 F.3d 744, 754 (8th Cir. 2003)). A court may also consider the factors identified in *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 717–19 (5th Cir. 1974). *See Vines*, 9 F.4th at 855. The *Johnson* factors include: "(1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the 'undesirability' of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases." *Hensley v. Eckerhart*, 461 U.S. 424, 429–30 & 430 n.3 (1983) (citing *Johnson*, 488 F.2d at 717–19).

[24] *Beauford v. ActionLink, LLC*, No. 4:12-cv-00139-JLH, 2014 WL 183904, at *3 (E.D. Ark. Jan. 15, 2014) (quoting *Moysis v. DTG Datanet*, 278 F.3d 819, 828 (8th Cir. 2002)).

4

for Mr. Sanford and $200+ for more junior attorneys.[25] Based on its experience and knowledge of the local market and this District's precedent, the Court finds the following rates (and nothing higher) to be reasonable: $250 for Mr. Sanford; $175 for Ms. Kinney; $150 for Ms. Matlock; $140 for Ms. Bradford; $125 for Mr. Qualls, Ms. Lowery, and Mr. Brown; $100 for the Paralegal; and $25 for the Law Clerk.[26]

## II. Reasonable Time Expended

SLF claims that it is entitled to fees for 70.4 hours of work in this case.[27] After a careful, line-by-line review of SLF's requested time, the Court concludes that 54.9 hours are reasonable. Below, the Court specifies the number of hours reasonably expended by each timekeeper as well as the overall lodestar amount attributable to that timekeeper.

### A. Mr. Sanford's Hours

Mr. Sanford claims 6.3 hours in this case.[28] For the reasons that follow, the Court concludes that only 4.0 of Mr. Sanford's billed hours can reasonably be included in the lodestar calculation. Multiplied by his reasonable rate of $250, Mr. Sanford contributes $1,000.00 to the overall lodestar.

---

[25] *See Ewing v. Pizza Czar, Inc.*, No. 3:19-cv-00232-LPR, 2022 WL 614932, at *6 (E.D. Ark. Mar. 2, 2022) (lowering the rates for Mr. Sanford to $250; for Ms. Kinney to $175; and for Mr. Brown and Ms. Lowery to $125); *Bonds v. Langston Cos., Inc.*, No. 3:18-cv-00189-LPR, 2021 WL 4130508, at *3 n.26 (E.D. Ark. Sept. 9, 2021) (collecting cases).

[26] *Bryan v. Mississippi Cnty.*, No. 3:18-cv-00130-DPM, 2020 WL 9048650, at *2 (E.D. Ark. May 12, 2020) (reducing the hourly rate for law clerks to $25); *Murdock v. McNair*, No. 5:17-CV-05225, 2018 WL 6314569, at *2 (W.D. Ark. Dec. 3, 2018) (same).

[27] Br. in Supp. of Pl.'s Mot. for Costs and Att'ys' Fees & Req. for Hr'g (Doc. 36) at 7.

[28] *Id.* at 11.

### 1. Bankruptcy

Mr. Sanford claims 0.3 hours for editing and revising bankruptcy documents and examining the bankruptcy motion.[29] Some explanation of the bankruptcy proceeding is required to understand the dispute over these hours.

Shortly before the case settled, Defendants discovered that Mr. Clark had filed a Chapter 13 Voluntary Petition for Bankruptcy a little over a month before bringing the instant case.[30] But he had not disclosed the current action as part of his assets in the bankruptcy proceeding.[31] Further, in response to an interrogatory in the instant case, Mr. Clark stated that he had never been a party to a bankruptcy litigation.[32] Defendants thus sought judgment on the pleadings, arguing that Mr. Clark was judicially estopped from proceeding with the current action because of his failure to disclose it in his bankruptcy proceeding.[33]

After the Defendants' Motion was filed, SLF claims it spent 9.5 total hours notifying the bankruptcy court of the current action, seeking permission to pursue it, and obtaining approval of the parties' settlement.[34] Defendants oppose all hours SLF claims related to the bankruptcy proceeding.[35] They argue that all of the time spent working on the proceeding was a result of SLF's failure to conduct a thorough fact investigation at the beginning of its legal engagement.[36]

---

[29] Ex. 1 (Billing Spreadsheet) to Pl.'s Mot. for Costs and Att'ys' Fees & Req. for Hr'g (Doc. 35-1) at 6.

[30] Defs.' Resp. to Pl.'s Mot. for Costs and Att'ys' Fees & Req. for Hr'g (Doc. 37) at 3–4; Ex. A (Pl.'s Chapter 13 Bankruptcy Pet.) to Defs.' Mot. For J. on the Pleadings (Doc. 19-1).

[31] See Ex. C (Pl.'s Am. Schedule Listing Property Assets) to Defs.' Mot. for J. on the Pleadings (Doc. 19-3) ¶¶ 30, 33 (Mr. Clark answering "No" to question on his Bankruptcy Petition asking whether Mr. Clark had any claims for "[u]npaid wages" or "[c]laims against third parties, whether or not [he had] filed a lawsuit or made a demand for payment").

[32] Ex. H (Excerpt of Pl.'s Verified Resps. to Defs.' Interrogs.) to Defs.' Mot. for J. on the Pleadings (Doc. 19-8) ¶ 14.

[33] Defs.' Mot. for J. on the Pleadings (Doc. 19).

[34] Ex. 1 (Billing Spreadsheet) to Pl.'s Mot. for Costs and Att'ys' Fees & Req. for Hr'g (Doc. 35-1) at 4–8.

[35] Defs.' Resp. to Pl.'s Mot. for Costs and Att'ys' Fees & Req. for Hr'g (Doc. 37) at 12–13.

[36] *Id.*

But Mr. Clark's obligation to report the current action in the bankruptcy proceeding only arose once the current action was initiated. So, regardless of whether he reported it in a timely manner,[37] Mr. Clark would have needed to report it at some point during the current action. And the Court finds that this work is reasonably related to the current proceeding. Thus, the Court disagrees with Defendants and includes all the bankruptcy-related hours in the lodestar.

### 2. Case Management

Mr. Sanford claims 1.4 hours for "Case Management," which includes examination of various Court orders, documents, and emails from chambers.[38] Defendants object that much of this time was routine and administrative in nature.[39] The Court generally agrees. The 0.1 hours for examination of the Order rescheduling the trial date is duplicative.[40] The Order was one sentence long and had already been reviewed and billed for by Mr. Qualls.[41] Additionally, Mr. Sanford claims 0.5 hours for examining other text entries.[42] But Mr. Sanford never specifies which entries he is referring to. And, in many instances, there was no entry filed on the day that he billed the time for it.[43] Further, any entries that he could potentially be claiming time for are only a few sentences long; their review is clerical and administrative in nature.[44] The same is true for the 0.3 hours claimed for examining two notices of appearance and a motion to withdraw.[45] Finally, the

---

[37] Whether Mr. Clark reported the current action to the Bankruptcy Court in an appropriate or timely manner is not relevant here. That question was relevant to the Motion for Judgment on the Pleadings, which the Court never decided.

[38] Ex. 1 (Billing Spreadsheet) to Pl.'s Mot. for Costs and Att'ys' Fees & Req. for Hr'g (Doc. 35-1) at 1–4, 7–8.

[39] Defs.' Resp. to Pl.'s Mot. for Costs and Att'ys' Fees & Req. for Hr'g (Doc. 37) at 16.

[40] Ex. 1 (Billing Spreadsheet) to Pl.'s Mot. for Costs and Att'ys' Fees & Req. for Hr'g (Doc. 35-1) at 8.

[41] *Id.*

[42] *Id.* at 4, 7–8.

[43] *See id.* at 7–8 (entries on 1/27/2022, 3/21/2022, and 4/1/2022).

[44] *See, e.g.*, *id.* at 4 (entry on 10/12/2021 billing for examination of court notice cancelling settlement conference).

[45] *Id.* at 1–2.

0.3 hours billed for examining chambers emails is clerical work and is not compensable time.[46] Thus, the Court concludes that only 0.2 hours of Mr. Sanford's case management work is reasonable.

### 3. In-House Communication

Mr. Sanford claims 1.4 hours for "In House Communication," which includes time spent emailing with other SLF attorneys and drafting or reviewing intraoffice memoranda.[47] SLF has been chastised in the past for excessive intraoffice communication.[48] After a careful, line-by-line review, the Court finds that only 1.0 of the 1.4 hours are reasonable. The other 0.4 hours include conferencing and emailing with the initials of firm personnel not staffed on this case.[49] It is excessive to bill for communications with firm personnel beyond those staffed in the case, especially given that the case already had seven attorneys working on it.

### 4. Complaint/Summons/Service

Mr. Sanford claims 1.1 hours related to a category entitled "Complaint/Summons/Service."[50] Defendants argue that the time spent on the Complaint,

---

[46] *Id.* at 3–4. It may be that a particular examination of a chambers email is not clerical work. But SLF provided no detail to support such a conclusion here. SLF may, if it chooses, file a motion for reconsideration with more detailed descriptions. If it does so, the Court will re-evaluate these entries. *See Wheeler*, 348 F.3d at 754 ("The onus is on the party seeking the award to provide evidence of the hours worked and the rate claimed.").

[47] Ex. 1 (Billing Spreadsheet) to Pl.'s Mot. for Costs and Att'ys' Fees & Req. for Hr'g (Doc. 35-1) at 1–4.

[48] *See, e.g., Oden*, 27 F.4th at 631 ("Essentially, SLF takes low-stakes FLSA cases, overstaffs them, and asks defendants to pay for its inefficiencies."); *Hill-Smith v. Silver Dollar Cabaret, Inc.*, No. 5:20-cv-5051, 2020 WL 4741917, at *3 (W.D. Ark. Aug. 14, 2020) ("[SLF] may choose to have Mr. Sanford personally oversee every aspect of run-of-the-mill motion practice requiring no court appearance, but it will not be permitted to pass the associated costs of doing so on to Defendants."); *Beasley v. Macuil's Tire & Serv. Ctr., LLC*, No. 4:19-cv-00471, 2020 WL 3472556, at *2 (E.D. Ark. June 25, 2020) ("The time records are replete with instances of objectionable billing practices, including an excess of intraoffice communications, duplicate document reviews by multiple lawyers, billing at lawyers' rates for clerical work, etc.").

[49] Ex. 1 (Billing Spreadsheet) to Pl.'s Mot. for Costs and Att'ys' Fees & Req. for Hr'g (Doc. 35-1) at 1 ("Conference with AS: venue"; "Conference with AS: case management"; "Receive, read and prepare response to email(s) from AS: case management"). The initials "AS" do not match those of any firm personnel staffed on this case.

[50] *Id.* at 1.

Summons, and Service was excessive.[51] After a careful review, the Court concludes that only 0.8 of the 1.1 hours are reasonable. The 0.2 hours billed for "examination of filed complaint; judge assignment," and "Work on Client's file: prep for filing today" are clerical and administrative.[52] Additionally, the 0.1 hours billed for "examination of clerk's notice" are duplicative of Ms. Bradford's entry for reviewing the same.[53]

### 5. Discovery

Mr. Sanford claims 0.5 hours related to discovery.[54] After a careful review, the Court is excluding 0.2 of these hours from the lodestar. The 0.1 hours related to examining the Court's Order granting the Joint Motion to Stay Discovery is duplicative of Mr. Qualls's entry for reviewing the same.[55] The other 0.1 reduction requires additional explanation.

Defendants object that the total hours spent by all SLF timekeepers on discovery (12.5 hours) is excessive.[56] They point out that this was a single-plaintiff case with limited written discovery.[57] Further, they highlight that this Court has previously, in a case with three plaintiffs, reduced SLF's discovery hours from 12.6 to 5.3.[58] But part of what motivated the Court in *Wolfe v. Affordable Rooter Serv., LLC* was that there was billing for discovery that was duplicative of entries in the "Damages Calculations" category.[59] There is no such issue here. Nonetheless, the Court agrees that 12.5 hours is excessive for the limited discovery conducted in this case. Thus,

---

[51] Defs.' Resp. to Pl.'s Mot. for Costs and Att'ys' Fees & Req. for Hr'g (Doc. 37) at 13.

[52] Ex. 1 (Billing Spreadsheet) to Pl.'s Mot. for Costs and Att'ys' Fees & Req. for Hr'g (Doc. 35-1) at 1.

[53] *Id.* at 1.

[54] *Id.* at 2, 5.

[55] *Id.* at 5.

[56] Defs.' Resp. to Pl.'s Mot. for Costs and Att'ys' Fees & Req. for Hr'g (Doc. 37) at 15–16.

[57] *Id.*

[58] *Id.*

[59] *Wolfe*, 2022 WL 2352364, at *4.

the Court will make a 30% global reduction to billings in this category for all timekeepers. A 30% reduction to the 0.4 remaining hours is a reduction of roughly 0.1. Given the foregoing, the Court concludes that 0.3 of the 0.5 hours Mr. Sanford claims related to discovery are reasonable.

### 6. Opposing Counsel Communication

Mr. Sanford claims 0.9 hours for communicating with opposing counsel.[60] After a careful review, the Court concludes that all 0.9 of the requested hours are reasonable.

### 7. Settlement-Related Work

Mr. Sanford claims 0.7 hours for work related to settling the case.[61] The Court finds that the 0.1 hours spent editing the Joint Notice of Liability Settlement is duplicative of Mr. Qualls's entries for the same.[62] Additionally, the Court finds that the 0.1 hours spent examining the Order granting the Joint Motion for Referral to Magistrate Judge for Settlement Conference is clerical and administrative.[63] But the remaining 0.5 hours are reasonable.

### B. Mr. Qualls's Hours

Mr. Qualls claims 31.8 hours in this case.[64] For the reasons that follow, the Court concludes that 22.7 of Mr. Qualls's billed hours can reasonably be included in the lodestar calculation. Multiplied by his reasonable rate of $125, Mr. Qualls contributes $2,837.50 to the overall lodestar.

---

[60] Ex. 1 (Billing Spreadsheet) to Pl.'s Mot. for Costs and Att'ys' Fees & Req. for Hr'g (Doc. 35-1) at 1–5.

[61] *Id.* at 3–5.

[62] *Id.* at 5.

[63] *Id.* at 3 (entry on 6/17/2021).

[64] Br. in Supp. of Pl.'s Mot. for Costs and Att'ys' Fees & Req. for Hr'g (Doc. 36) at 11.

### 1. Bankruptcy

Mr. Qualls claims 3.0 hours related to the bankruptcy proceeding.[65] For the reasons discussed *supra* Section II.A.1, the Court does not find Defendants' objections to the bankruptcy hours persuasive. Thus, the 3.0 hours Mr. Qualls claims related to the bankruptcy are reasonable.

### 2. In-House Communication

Mr. Qualls claims 6.2 hours for "In House Communication."[66] After a careful, line-by-line review, the Court finds that only 3.5 of these hours are reasonable. The other 2.7 hours are too vague to evaluate.[67] They merely state that Mr. Qualls communicated with various SLF timekeepers without indicating the subject matter of those communications.[68]

### 3. Opposing Counsel Communication

Mr. Qualls claims 4.5 hours for communicating with opposing counsel.[69] The Court concludes that all 4.5 of these hours are reasonable.

### 4. Client Communication

Mr. Qualls claims 3.0 hours for "Client Communication."[70] After a careful review, the Court concludes that only 0.6 of these hours are reasonable. The other 2.4 hours are too vague to

---

[65] Ex. 1 (Billing Spreadsheet) to Pl.'s Mot. for Costs and Att'ys' Fees & Req. for Hr'g (Doc. 35-1) at 4–7.

[66] *Id.* at 1, 3–8.

[67] *Id.* at 1, 3–5.

[68] *See, e.g., id.* at 4 (billing on 8/10/2021 for "conference with staff via email"). This is a recurring issue throughout. SLF may, if it chooses, file a motion for reconsideration with more detailed descriptions. If it does so, the Court will re-evaluate these entries. *See Wheeler*, 348 F.3d at 754 ("The onus is on the party seeking the award to provide evidence of the hours worked and the rate claimed.").

[69] Ex. 1 (Billing Spreadsheet) to Pl.'s Mot. for Costs and Att'ys' Fees & Req. for Hr'g (Doc. 35-1) at 2–7.

[70] *Id.* at 2–6.

evaluate.[71] They merely state that Mr. Qualls communicated with his client without providing any detail or description of the content of those communications.[72]

### 5. Case Management

Mr. Qualls claims 0.6 hours related to "Case Management."[73] But 0.4 of these hours relate to communications with chambers, which is clerical work and not compensable.[74] Thus, the Court concludes that only 0.2 of these hours are reasonable.

### 6. Discovery

Mr. Qualls claims 5.4 hours related to discovery.[75] For the reasons discussed *supra* Section II.A.5, the Court will make a 30% reduction to billings in this category. The Court thus concludes that only 3.8 hours can be reasonably included in the lodestar.[76]

### 7. Damages Calculations

Mr. Qualls claims 2.7 hours related to calculating damages.[77] After a careful review, the Court concludes that only 0.8 hours related to damages calculations are reasonable. The other 1.9 hours are too vague to evaluate.[78] They provide merely that Mr. Qualls worked on the damages model with no description or detail of the work he performed.[79]

---

[71] *Id.* at 2–6. *See supra* note 68. If further description would create privilege issues, the relevant portions of the reconsideration request (those that involve attorney-client privilege) can be filed *ex parte* and under seal. The foregoing applies to the rest of this opinion as well.

[72] *See, e.g.*, Ex. 1 (Billing Spreadsheet) to Pl.'s Mot. for Costs and Att'ys' Fees & Req. for Hr'g (Doc. 35-1) at 5 (billing on 10/20/2021 for "Telephone Conference(s) between Attorney and Client").

[73] *Id.* at 2–4, 8.

[74] *Id.* at 3–4. *See supra* note 46.

[75] Ex. 1 (Billing Spreadsheet) to Pl.'s Mot. for Costs and Att'ys' Fees & Req. for Hr'g (Doc. 35-1) at 2–5.

[76] The Court rounds 3.78 up to 3.8.

[77] *Id.* at 1–2.

[78] *Id.* at 2. *See supra* note 68.

[79] *See, e.g.*, Ex. 1 (Billing Spreadsheet) to Pl.'s Mot. for Costs and Att'ys' Fees & Req. for Hr'g (Doc. 35-1) at 2 (billing on 1/29/2021 for "Work[ing] on Client's file: Damages model").

### 8. Motion for Judgment

Mr. Qualls claims 1.2 hours related to work on Plaintiff's response to the Motion for Judgment on the Pleadings.[80] Defendants object that any time related to this response should be deducted because SLF never submitted a response to the Motion.[81] SLF argues that it was reasonable to spend time working on a response to the Motion.[82] The Court agrees. As soon as the Motion was filed, SLF spent the next 10 days working on a response.[83] It then requested a two-week extension.[84] Near the end of the two-week extension, the parties submitted a Notice of Settlement.[85] SLF did not bill any time related to responding to the Motion during the extension. It thus appears that SLF worked in good faith to respond to the Motion, and then, when settlement became likely, it stopped work on the response to the Motion because it no longer needed to file a response. Because the settlement (in principle) didn't occur until near the deadline to file the response, it was reasonable for SLF to work on the response in case there was no settlement. Thus, the Court will include all 1.2 of these hours in the lodestar calculation.

### 9. Settlement-Related Work

Mr. Qualls claims 5.2 hours for work related to settling the case.[86] After careful review, the Court finds that the entry for 0.1 hours spent talking with Judge Kearney's law clerk is clerical in nature and not compensable.[87] But the Court finds that the remaining 5.1 hours are reasonable.

---

[80] *Id.* at 4–5.

[81] Defs.' Resp. to Pl.'s Mot. for Costs and Att'ys' Fees & Req. for Hr'g (Doc. 37) at 13.

[82] Pl.'s Reply in Supp. of Mot. for Costs and Att'ys' Fees & Req. for Hr'g (Doc. 38) at 15–16.

[83] Ex. 1 (Billing Spreadsheet) to Pl.'s Mot. for Costs and Att'ys' Fees & Req. for Hr'g (Doc. 35-1) at 4–5.

[84] Unopposed Mot. for Extension of Time (Doc. 24).

[85] Joint Notice of Liability Settlement (Doc. 26).

[86] Ex. 1 (Billing Spreadsheet) to Pl.'s Mot. for Costs and Att'ys' Fees & Req. for Hr'g (Doc. 35-1) at 3–6.

[87] *Id.* at 4.

### C. Ms. Lowery's Hours

Ms. Lowery claims 1.4 hours in this case.[88] Ms. Lowery's 1.4 hours of requested time is related to the Complaint, Summons, and Service.[89] The Court concludes that 1.4 hours is a reasonable amount of time to spend on such work. Multiplied by her reasonable rate of $125, Ms. Lowery contributes $175.00 to the overall lodestar.

### D. Ms. Matlock's Hours

Ms. Matlock claims 5.2 hours in this case.[90] Ms. Matlock's 5.2 hours are entirely related to the response to the Motion for Judgment on the Pleadings that was never filed.[91] For the reasons discussed *supra* Section II.B.8, the Court concludes that all 5.2 of Ms. Matlock's billed hours can be reasonably included in the lodestar calculation. Multiplied by her reasonable rate of $150 per hour, Ms. Matlock contributes $780.00 to the overall lodestar.

### E. Mr. Brown's Hours

Mr. Brown claims 2.7 hours in this case.[92] His hours relate to the settlement, the bankruptcy proceeding, and communicating with opposing counsel.[93] After a careful review, the Court does not have concerns with any of Mr. Brown's entries. Thus, all 2.7 of Mr. Brown's billed hours can reasonably be included in the lodestar calculation. Multiplied by his reasonable rate of $125 per hour, Mr. Brown contributes $337.50 to the overall lodestar.

---

[88] Br. in Supp. of Pl.'s Mot. for Costs and Att'ys' Fees & Req. for Hr'g (Doc. 36) at 11.

[89] Ex. 1 (Billing Spreadsheet) to Pl.'s Mot. for Costs and Att'ys' Fees & Req. for Hr'g (Doc. 35-1) at 1.

[90] Br. in Supp. of Pl.'s Mot. for Costs and Att'ys' Fees & Req. for Hr'g (Doc. 36) at 11.

[91] Ex. 1 (Billing Spreadsheet) to Pl.'s Mot. for Costs and Att'ys' Fees & Req. for Hr'g (Doc. 35-1) at 5.

[92] Br. in Supp. of Pl.'s Mot. for Costs and Att'ys' Fees & Req. for Hr'g (Doc. 36) at 11.

[93] Ex. 1 (Billing Spreadsheet) to Pl.'s Mot. for Costs and Att'ys' Fees & Req. for Hr'g (Doc. 35-1) at 6–8.

### F. Ms. Bradford's Hours

Ms. Bradford claims 1.4 hours in this case.[94] Her hours relate to communicating with opposing counsel, case management, service, and calculating damages.[95] The Court concludes that the entry for 0.1 hours related to preliminary damages calculations is vague and duplicative of Mr. Qualls's work on the same.[96] Thus, the Court concludes that only 1.3 of Ms. Bradford's billed hours can reasonably be included. Multiplied by her reasonable rate of $140, Ms. Bradford contributes $182.00 to the overall lodestar.

### G. Ms. Kinney's Hours

Ms. Kinney claims 6.2 hours in this case.[97] Ms. Kinney's work was entirely related to the fee petition.[98] Defendants object that a portion of this time was related to adjusting counsel's billing spreadsheet, and that much of this work was clerical.[99] The Court has previously held that time spent reducing unnecessary entries is not compensable.[100] Thus, the Court will subtract the 1.7 hours that fall into this category.[101] That leaves 4.5 hours that can reasonably be included in the lodestar calculation. Multiplied by her reasonable rate of $175, Ms. Kinney contributes $787.50 to the overall lodestar.

---

[94] Br. in Supp. of Pl.'s Mot. for Costs and Att'ys' Fees & Req. for Hr'g (Doc. 36) at 11.

[95] Ex. 1 (Billing Spreadsheet) to Pl.'s Mot. for Costs and Att'ys' Fees & Req. for Hr'g (Doc. 35-1) at 1–2.

[96] *Id.* at 2.

[97] Br. in Supp. of Pl.'s Mot. for Costs and Att'ys' Fees & Req. for Hr'g (Doc. 36) at 11.

[98] Ex. 1 (Billing Spreadsheet) to Pl.'s Mot. for Costs and Att'ys' Fees & Req. for Hr'g (Doc. 35-1) at 6, 8.

[99] Defs.' Resp. to Pl.'s Mot. for Costs and Att'ys' Fees & Req. for Hr'g (Doc. 37) at 15.

[100] *Wolfe*, 2022 WL 2352364, at *4.

[101] Ex. 1 (Billing Spreadsheet) to Pl.'s Mot. for Costs and Att'ys' Fees & Req. for Hr'g (Doc. 35-1) at 8.

### H. Clerk's Hours

SLF claims 3.2 hours of work performed by a Law Clerk.[102] The Law Clerk's work in this case related to the bankruptcy proceeding and to case management.[103] The Court finds that all 3.2 of these hours can reasonably be included in the lodestar calculation. Multiplied by the Law Clerk's reasonable rate of $25, the Law Clerk contributes $80.00 to the overall lodestar.

### I. Paralegal's Hours

SLF claims 12.2 hours worked by a Paralegal.[104] After a careful and line-by-line review, the Court concludes that only 9.9 of the hours can reasonably be included in the lodestar calculation. The 3.3 hours related to settlement, editing the complaint, case management, communicating with opposing counsel, and the bankruptcy proceeding are reasonable.[105] The Court, however, finds that 0.3 of the 2.3 hours for "Client Communication" are too vague to evaluate.[106] Those entries provide merely that the paralegal communicated with the client, but give no description or detail of the content of the communications.[107] Additionally, the Court will reduce the 6.6 hours related to discovery by 30% to 4.6 for the reasons discussed *supra* Section II.A.5.[108] Multiplying the 9.9 hours reasonably expended by the paralegal's reasonable rate of $100, the Court will add $990.00 to the overall lodestar.

---

[102] Br. in Supp. of Pl.'s Mot. for Costs and Att'ys' Fees & Req. for Hr'g (Doc. 36) at 11.

[103] Ex. 1 (Billing Spreadsheet) to Pl.'s Mot. for Costs and Att'ys' Fees & Req. for Hr'g (Doc. 35-1) at 2, 5, 7.

[104] Br. in Supp. of Pl.'s Mot. for Costs and Att'ys' Fees & Req. for Hr'g (Doc. 36) at 11.

[105] Ex. 1 (Billing Spreadsheet) to Pl.'s Mot. for Costs and Att'ys' Fees & Req. for Hr'g (Doc. 35-1) at 1–2, 4, 6–8.

[106] *Id.* at 4–5, 7. *See supra* note 68.

[107] *See, e.g.*, Ex. 1 (Billing Spreadsheet) to Pl.'s Mot. for Costs and Att'ys' Fees & Req. for Hr'g (Doc. 35-1) at 5 (billing on 10/20/2021 for "Compos[ing] electronic communication to client").

[108] *Id.* at 1–3. The Court rounds 4.62 down to 4.6.

### III. Lodestar Total

Adding everyone's lodestar contribution together gives us a total of $7,169.50. The chart below provides more detailed information on the Court's lodestar calculation.

| Billed By | Reasonable Rate | Reasonable Hours | Reasonable Fee |
|---|---|---|---|
| Colby Qualls | $125.00 | 22.7 | $2,837.50 |
| Courtney Lowery | $125.00 | 1.4 | $175.00 |
| Josh Sanford | $250.00 | 4.0 | $1,000.00 |
| Rebecca Matlock | $150.00 | 5.2 | $780.00 |
| Samuel Brown | $125.00 | 2.7 | $337.50 |
| Tess Bradford | $140.00 | 1.3 | $182.00 |
| Vanessa Kinney | $175.00 | 4.5 | $787.50 |
| Law Clerk | $25.00 | 3.2 | $80.00 |
| Paralegal | $100.00 | 9.9 | $990.00 |
| Grand Total | | 54.9 | $7,169.50 |

Defendants also argue that the overall reward should be further reduced because of Mr. Clark's limited success.[109] Indeed, "the most critical factor in determining the reasonableness of a fee award is the degree of success attained."[110] Defendants state, and Mr. Clark doesn't dispute, that Mr. Clark initially sought ▬▬▬.[111] The parties agree that the case settled for ▬▬▬.[112] Even if this was not technically a nuisance settlement,[113] Defendants are right that

---

[109] Defs.' Resp. to Pl.'s Mot. for Costs and Att'ys' Fees & Req. for Hr'g (Doc. 37) at 19–20.

[110] *Farrar v. Hobby*, 506 U.S. 103, 114 (1992) (internal quotation marks omitted).

[111] Defs.' Resp. to Pl.'s Mot. for Costs and Att'ys' Fees & Req. for Hr'g (Doc. 37) at 2 (unredacted version on file with the Court); Pl.'s Reply in Supp. of Mot. for Costs and Att'ys' Fees & Req. for Hr'g (Doc. 38) at 19–20 (unredacted version on file with the Court).

[112] Defs.' Resp. to Pl.'s Mot. for Costs and Att'ys' Fees & Req. for Hr'g (Doc. 37) at 4 (unredacted version on file with the Court); Pl.'s Reply in Supp. of Mot. for Costs and Att'ys' Fees & Req. for Hr'g (Doc. 38) at 19–20 (unredacted version on file with the Court).

[113] *See Tyler v. Corner Const. Corp., Inc.*, 167 F.3d 1202, 1206 (8th Cir. 1999).

the relative smallness of the settlement warrants further reduction of the lodestar.[114] The Court will reduce the fee award by an additional 50% in light of the fact that Mr. Clark received less than 15% of the relief he sought.[115] Thus, the total fee award will be $3,584.75.

## COSTS ANALYSIS

SLF requests $725.00 for filing fees and service costs. Defendants object that costs related to the use of a private process server are not recoverable.[116] District courts may award costs to a prevailing party, but "such costs must be set out in 28 U.S.C. § 1920 or some other statutory authorization."[117] While private process server costs are not contemplated under 28 U.S.C. § 1920, courts have interpreted other fee-shifting statutes (including the FLSA) as authorizing recovery for costs beyond those found in 28 U.S.C. § 1920.[118] Thus, the Court will follow that trend and allow Plaintiff to recover the full $725.00 requested.

## CONCLUSION

The Court awards SLF $3,584.75 in attorneys' fees and $725.00 in costs. Plaintiff's Motion for Costs and Attorneys' Fees is GRANTED in part and DENIED in part.[119]

---

[114] *Hensley*, 461 U.S. at 436–37 (the district court may reduce the award to account for limited success). *See e.g., Huffman v. Assoc. Mgmt. Ltd.*, No. 4:20-cv-01296-BRW, 2021 WL 3122338, at *7 (E.D. Ark. July 22, 2021) (reducing SLF's requested fees partly because of plaintiff's limited success).

[115] Some of the *Johnson* factors, *see supra* note 23, also counsel in favor of this reduction. For example, this case did not involve novel and difficult questions, nor was significant skill required to perform the legal service properly. For another example, there is no suggestion that this case precluded SLF from taking any other case. For a third example, the time and labor required was not significant, even if all the hours SLF billed were appropriate. And none of the *Johnson* factors really push back in the other direction.

[116] Defs.' Resp. to Pl.'s Mot. for Costs and Att'ys' Fees & Req. for Hr'g (Doc. 37) at 20–21.

[117] *Smith v. Tenet Healthsystem SL, Inc.*, 436 F.3d 879, 889 (8th Cir. 2006).

[118] *See Sturgill v. United Parcel Serv., Inc.*, 512 F.3d 1024, 1036 (8th Cir. 2008) (allowing recovery of private process server costs under Title VII); *Gutierrez v. 1873 Club of Texarkana*, No. 4:20-cv-4108, 2022 WL 2911691, at *9 (W.D. Ark. July 22, 2022) (allowing recovery of costs for private process server in FLSA case); *Koenig v. Bourdeau Const. LLC*, No. 4:13-cv-00477-SNLJ, 2014 WL 6686642, at *5–*6 (E.D. Mo. Nov. 26, 2014) (allowing recovery of costs for special process server because "[i]n FLSA cases, costs are not limited to the categories set forth in § 1920 for prevailing parties").

[119] Plaintiff's request for a hearing is DENIED. *See* Pl.'s Mot. for Costs and Att'ys' Fees & Req. for Hr'g (Doc. 35) ¶ 10. The Court can resolve Plaintiff's Motion with the benefit of the parties' briefs. The Court does not see a need

IT IS SO ORDERED this 29th day of March 2023.

_____
LEE P. RUDOFSKY
UNITED STATES DISTRICT JUDGE

---

for a hearing. *See Miller v. Dugan*, 764 F.3d 826, 830 (8th Cir. 2014) (holding that the district court was within its discretion to rule on attorneys' fees motion without an evidentiary hearing).